[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11030
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cv-00052-CAR

CHRISTINE B. MAY,

Plaintiff-Counter Defendant-Appellant,

versus

MORGAN COUNTY GEORGIA,

Defendant-Counter Claimant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(December 21, 2017)

Before ED CARNES, Chief Judge, HULL, and MARCUS, Circuit Judges.

PER CURIAM:

Christine May filed this lawsuit against Morgan County, Georgia, seeking relief from a 2010 zoning ordinance that prohibited short term rentals of single family dwellings.  The district court dismissed some of May's claims, concluding that they were barred by the <u>Rooker-Feldman</u> doctrine.  It granted summary judgment on her remaining claim, concluding that it was barred by issue preclusion.  The district court likewise denied May's motion for partial summary judgment, which contended that her right to use her vacation home for short term rentals was a constitutionally protected "grandfathered" use.  This is May's appeal.

I.

A.    THE PROPERTY AND UNDERLYING ZONING DISPUTE

This saga began when May purchased a parcel of lakefront property in Morgan County intending to build a vacation home.  She planned to use the house for short term vacation rentals in order to allay the cost of its construction.  May started renting it out in 2008.

At the time, the County's zoning ordinances applicable to May's property allowed only those uses that the ordinances listed as "permitted" or "conditional." Short term rentals of single family dwellings were not listed as either a "permitted" or a "conditional" use.

In 2010, the Morgan County Board of Commissioners adopted Regulation 15.35, which explicitly bans rentals of single family dwellings for less than thirty

2

consecutive days in the zoning district for May's property.[1]  Because May

continued to rent her property on a short term basis, in August 2011 she was given

a criminal citation for violating Regulation 15.35.

## B.    THE FIRST CIVIL CASE

In April 2012 May filed a lawsuit under 42 U.S.C. § 1983 against the

County in Georgia state court.  She contended that she had a "grandfathered" right

under the County's zoning ordinances to continue offering short term rentals on the

property, and she sought an injunction and declaratory judgment on that basis.  She

also argued that application of Regulation 15.35 to her property was

unconstitutional under the due process and equal protection clauses of the United

States and Georgia constitutions, and the privileges and immunities clause of the

Fourteenth Amendment.

The state trial court found that May's use of her property was grandfathered,

but the Georgia Court of Appeals vacated that judgment and remanded the case for

a ruling on two threshold arguments raised by the County:  first, whether May's

action was barred for failing to exhaust her administrative remedies by not seeking

a rezoning and conditional use permit from the County before filing suit, and

second, whether Georgia Code § 5-3-20(a) barred May's claims because she failed

---

[1] Regulation 15.35 has since been recodified as § 7.29 of the Zoning Ordinance, but we will follow the parties' practice of continuing to refer to it as a regulation.

to challenge the adoption of Regulation 15.35 (facially or as applied to her property) within 30 days of its passage.[2]

The state trial court concluded that May's action was barred for both reasons and dismissed all of May's claims against the County. May appealed to the Georgia Court of Appeals, which denied her application for a discretionary appeal, and then she petitioned the Supreme Court of Georgia, which also denied review.[3]

## C.    THE REZONING APPLICATION

After the first civil case was concluded, May filed an application for rezoning with the County, asking for the property to be rezoned to allow for short term rentals. She followed up a few weeks later with another application requesting that the County amend its zoning ordinance to permit short term rentals for property owners who rented before the enactment of Regulation 15.35. At the same time she filed a request with the County for a declaration of her right to

---

[2] May petitioned the Supreme Court of Georgia for review of the Court of Appeals' judgment, but her petition was denied.

[3] At the conclusion of the first civil case, the County prosecuted May for the August 2011 citation of Regulation 15.35. She filed a motion to dismiss prosecution of the citation, contending there, as she does here, that she had a grandfathered right to rent her property on a short term basis because the zoning regulations in effect when she began renting did not ban short term rentals. The County argued that issue preclusion barred May's defense based on the state trial court's decision in the first civil case. The court rejected the County's preclusion argument, but ruled that May could not meet her burden of establishing the affirmative defense of a grandfathered right anyway. The trial court determined that short term rentals were forbidden under the old zoning ordinance as they were under Regulation 15.35. As a result, the court denied May's motion to dismiss the citation. In March 2016, the court found May guilty of violating Regulation 15.35 and sentenced her to six months of probation, fined her $500.00, and ordered her to remove all of her short term rental postings. May's appeal to the Georgia Court of Appeals is still pending.

continue offering short term rentals on the property.  The County denied her

request and her applications on April 7, 2015.

### D.    THE PROCEEDINGS IN DISTRICT COURT

May filed this lawsuit against the County in the district court on May 7,

2015.  She sought a declaratory judgment that she has a grandfathered right to offer

short term rentals on her property.  She also brought a 42 U.S.C. § 1983 claim

against the County, contending that Regulation 15.35 and its ongoing enforcement

against her property violated her "grandfathered constitutional rights."  Finally, she

challenged the County Board of Commissioners' decision to deny her applications

for rezoning or amendment and her request for a declaration of rights.  The County

moved to dismiss and for summary judgment, contending that the Rooker-Feldman

doctrine, claim preclusion, and issue preclusion barred May's claims.

The district court granted the County's motion to dismiss for lack of subject

matter jurisdiction on May's § 1983 constitutional challenges to Regulation 15.35,

concluding that the Rooker-Feldman doctrine barred its review of those claims.  It

also granted summary judgment in favor of the County on May's request for a

declaratory judgment that she has a grandfathered right to rent her property,

concluding that issue preclusion barred that claim.  The district court found that

issue had already been litigated and decided in May's criminal case over the

August 2011 citation, where she had raised her grandfathered rights claim as an

affirmative defense and lost.  The district court then declined to exercise supplemental jurisdiction over May's claims related to the April 7, 2015, denial of her applications for rezoning and amendment and her request for a declaration of rights.  This is May's appeal.

## II.

May contends that Rooker-Feldman does not bar her § 1983 claim because she did not bring an as applied challenge to Regulation 15.35 in this lawsuit, and, even if she did, Rooker-Feldman does not apply.  "We review dismissals for lack of subject matter jurisdiction de novo."  Nicholson v. Shafe, 558 F.3d 1266, 1270 (11th Cir. 2009).

Under the Rooker-Feldman doctrine, federal district courts and courts of appeals do not have jurisdiction to review state court decisions.  Id.; see also D.C. Ct. App. v. Feldman, 460 U.S. 462, 482 n.16, 103 S. Ct. 1303, 1315 n.16 (1983) (stating that federal district courts and courts of appeals "possess no power whatsoever to sit in direct review of state court decisions," as that power is reserved exclusively for the Supreme Court).  The doctrine's boundaries are not always clear, but they are clearly narrow.  Rooker-Feldman applies only in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Nicholson, 558 F.3d at

6

1274 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 1521–22 (2005)).

Although narrow in its application, a state court loser cannot avoid Rooker-Feldman's bar by cleverly cloaking her pleadings in the cloth of a different claim. Pretext is not tolerated. "The doctrine applies both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (quoting Feldman, 460 U.S. at 482 n.16, 103 S. Ct. at 1315 n.16). "It does not apply, however, where a party did not have a reasonable opportunity to raise his federal claim in state proceedings." Id. (quotation marks omitted).

"A claim is 'inextricably intertwined' if it would 'effectively nullify' the state court judgment, or [if] it 'succeeds only to the extent that the state court wrongly decided the issues.'" Id. (citations omitted). Though the federal case may not be styled as an appeal of a state court judgment, Rooker-Feldman is not so easily bypassed. A claim that at its heart challenges the state court decision itself — and not the statute or law which underlies that decision — falls within the doctrine because it "complain[s] of injuries caused by state-court judgments" and "invite[s] . . . review and rejection of those judgments." Exxon Mobil, 544 U.S. at 284, 125 S. Ct. at 1521–22.

7

A.

May argues that the district court misapplied <u>Rooker-Feldman</u> because her

§ 1983 claim in this case is not an as applied challenge to Regulation 15.35 (like

the claim she made in her first civil case was).  She asserts that because she is not

bringing an as applied challenge, she is not "complaining of injuries caused by

[the] state-court judgment[ ]" in the first civil case.  <u>Id.</u>  Instead, she says that she is

claiming that the enactment of Regulation 15.35 cannot limit her "constitutional

grandfathered right" to offer short term rentals on <u>her</u> property, which is

supposedly different.

Semantics aside, <u>Rooker-Feldman</u> bars her claim here because the crux of it

was addressed in the first civil case.  Even if her § 1983 claim that she has a

"vested constitutional right to continue renting [her property] on a short-term

basis," is somehow distinct from an as applied challenge to the constitutionality of

the Regulation 15.35 bar against her enjoyment of that right, that claim is

inextricably intertwined with her claims from her first civil case.  And so is her

request for a declaratory judgment.

Both her § 1983 claim and her claim for declaratory relief are based on her

assertion that she has a "grandfathered right" to rent her property on a short term

basis.  And both claims would require finding that her claim of "vested

constitutional right[s]" was not time barred under Georgia law for her failure to file

a lawsuit in state court within 30 days of Regulation 15.35's passage.  See, e.g., Wilson v. City of Snellville, 352 S.E.2d 759, 760 (Ga. 1987) (plaintiff's constitutional "vested rights" claim challenging county's decision to rezone his property was not filed within 30 days of the zoning decision and as a result was untimely); see also Vill. Ctrs., Inc. v. DeKalb County, 281 S.E.2d 522, 524 (Ga. 1981) (noting "any suit in equity attacking the zoning ordinance as applied to the property involved is time barred when no suit challenging the zoning classification is filed within 30 days of that decision"); Fortson v. Tucker, 705 S.E.2d 895, 896–97 (Ga. Ct. App. 2011) (finding lawsuits challenging a "zoning ordinance as applied to the property involved [are] untimely when no suit challenging the zoning classification is filed within 30 days of the local authorities' final act on the zoning issue") (quotation marks omitted).  That is precisely the issue that the state court decided in May's first civil case.  As a result, for her § 1983 claim to succeed or her request for a declaratory judgment to be granted in this case, we would have to conclude that the state court in the first civil case "wrongly decided the issues." That we cannot do in light of Rooker-Feldman.  See Casale, 558 F.3d at 1260.

May does not, after all, challenge the constitutionality of Georgia Code § 5-3-20(a), the statute imposing the 30-day time bar relied on in the state court's judgment.  Cf. Feldman, 460 U.S. at 482–83, 103 S. Ct. at 1315–16 (finding the district court would have jurisdiction over a challenge to the statute or rule

9

underlying the state court's decision but not the underlying decision of the state court itself). She simply brought the same claims in the district court that she brought, and lost, in state court. She admits as much in her reply brief, stating that the injury she claims in this lawsuit, her inability to rent her property, "was the very cause of the state-court proceedings." So she is complaining of the same injury in both cases, and is implicitly seeking a rejection of the state court's judgment that § 5-3-20(a) bars her request for relief. As she did before in state court, May asked the district court to find she had a constitutional right to offer short term rentals on her property, and she asked for a declaratory judgment and damages under § 1983 on that basis. She had, and took advantage of, "a reasonable opportunity to raise [her] federal claim[s] in [the] state proceedings." Casale, 558 F.3d at 1260 (quoting Powell v. Powell, 80 F.3d 464, 467 (11th Cir. 1996)).

Both May's § 1983 claim, as well as the declaratory judgment that she seeks, would require "review and rejection" of the state court judgment that any constitutional challenge she might bring to the application of Regulation 15.35 is barred as untimely by § 5-3-20(a).[4] Exxon Mobil, 544 U.S. at 284, 125 S. Ct. at

---

[4] In granting the County summary judgment, the district court found that issue preclusion barred a declaratory judgment in favor of May on the "grandfathered rights" she had asserted because she had litigated and lost that issue as an affirmative defense in her criminal case. See supra at note 3. Georgia does not ordinarily permit the record in a criminal prosecution to serve as the basis for barring a later civil action because the procedural rules governing the competency of witnesses and the weight given to evidence are different in criminal proceedings.

1521–22. Though May did not bill them as an appeal of the state court judgment, her claims in this case are in substance just that. Whether we might have decided differently than the state courts doesn't matter. Rooker-Feldman bars federal review because all of her claims here are "inextricably intertwined" with those from the first civil case.[5] See Casale, 558 F.3d at 1260.

## B.

May argues in the alternative that, even if her § 1983 claim is an as applied challenge to the constitutionality of Regulation 15.35, Rooker-Feldman does not apply because the state court in the first civil case lacked subject matter jurisdiction. She asks us to recognize an exception to Rooker-Feldman on that basis.

As of now, we have never adopted that exception. Casale, 558 F.3d at 1261. And even if we were to adopt the exception it would not apply here. The state

---

McGuire v. Witcher, 411 S.E.2d 875, 876–77 (Ga. Ct. App. 1991). But that makes no difference here. The record in the first civil case supports our holding that Rooker-Feldman bars May's "grandfathered rights" claim. And we may "affirm the district court's ruling on any basis the record supports . . . regardless of the grounds addressed, adopted or rejected by the district court." Fla. Wildlife Fed'n Inc. v. U.S. Army Corps of Eng'rs, 859 F.3d 1306, 1316 (11th Cir. 2017) (citations and quotations omitted).

[5] We decline to address whether May's claims appealing the County's April 7, 2015, denial of her application for rezoning, application for amendment, and request for a declaration of rights fall under Rooker-Feldman or § 5-3-20(a)'s bar. May makes only a passing reference to that potential argument in a single footnote in her reply brief, violating our requirement that "[p]arties . . . submit all issues on appeal in their initial briefs." United States v. Britt, 437 F.3d 1103, 1104 (11th Cir. 2006). For that reason, we consider this issue abandoned. Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

11

court in May's first civil case had subject matter jurisdiction to determine that the 30-day state law time bar applied to her claims. That bar is jurisdictional, Fortson, 705 S.E.2d at 896, and courts inherently have jurisdiction to determine jurisdiction, see id.; Fla. Dep't of State v. Treasure Salvors, Inc., 458 U.S. 670, 681 n.14, 102 S. Ct. 3304, 3313 n.14 (1982). May does not challenge the constitutionality of applying § 5-3-20(a) to her claims, but simply argues that it does not apply. Again, accepting her argument would require finding that the state court was wrong in determining that § 5-3-20(a) barred her claims — which is precisely what Rooker-Feldman proscribes. See Casale, 558 F.3d at 1260.[6] May's proper channel for seeking relief was to appeal to state appellate courts, which she did, and lost.

## III.

Because Rooker-Feldman bars review of all of May's claims challenging the

---

[6] May also argues that her claim in the first civil case was not yet ripe because she did not exhaust her administrative remedies, which is required before a party may bring a claim to challenge a zoning decision in Georgia. See Vill. Ctrs., 281 S.E.2d at 523; but compare Wilson, 352 S.E.2d at 760 (finding § 5-3-20(a) applied to bar the plaintiff's vested rights challenge to city's new zoning regulation as "no suit challenging the classification was filed within 30 days of the zoning decision"); Mayor & Aldermen of the City of Savannah v. Savannah Cigarette & Amusement Servs., 476 S.E.2d 581, 583 (Ga. 1996) ("[A] suit attacking the zoning ordinance as applied to the property involved is untimely when no suit challenging the zoning classification is filed within 30 days of the local authorities' final act on the zoning issue . . . ."). We will not allow a party in later litigation to profit from asserting that her position in earlier litigation was even more barred than the court had held it was. As we explained already, the state court did have jurisdiction to determine that May's claims were time barred. Reaching her claims here would still "effectively nullify" the portion of the state court's judgment holding that those claims were barred by § 5-3-20(a). And that would present the same Rooker-Feldman problems. See Casale, 558 F.3d at 1260.

application of Regulation 15.35 to her property, we affirm the judgment of the district court.  See Fla. Wildlife Fed., 859 F.3d at 1316 (holding that we may affirm the district court's judgment on any basis the record supports). [7]

**AFFIRMED.**

---

[7] Because May loses on the merits of her appeal, the County's motion to supplement the record is **DENIED AS MOOT**.

13