[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13544
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cv-02029-CEH-MAP

DAVID OLIVER THOMAS,
A People of the State in Florida,

Plaintiff-Appellant,

versus

CITY OF LAKELAND,
A Municipal Corporation(s) of the State of Florida,

Defendant-Appellee,

UNKNOWN CITY OF LAKELAND ADMINISTRATORS,
with discretionary authority,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 6, 2018)

Before JULIE CARNES, NEWSOM, and HULL, Circuit Judges.

PER CURIAM:

David Thomas, proceeding *pro se*, appeals the district court's dismissal of his complaint against the City of Lakeland, alleging that the City's building-code-enforcement actions against his property violated 42 U.S.C. § 1983 and state law. The district court dismissed Thomas's complaint for failure to state a claim after concluding that his complaint was barred by the applicable statute of limitations and the doctrine of *res judicata*.  In addition to defending the district court's dismissal on the merits, the City argues on appeal that the district court lacked subject-matter jurisdiction to review Thomas's complaint under the *Rooker-Feldman* doctrine,[1] because Thomas had previously challenged the City's very same code-enforcement actions in a state-court proceeding, which the state court dismissed on the merits and which Thomas opted not to appeal.  We agree with the City that, in the peculiar circumstances of this case, *Rooker-Feldman* applies and the district court therefore lacked jurisdiction.[2]

Under the *Rooker-Feldman* doctrine, federal district courts and courts of appeals lack subject-matter jurisdiction to review final state-court decisions.  *May v. Morgan Cty. Ga.*, 878 F.3d 1001, 1004 (11th Cir. 2017).  Recently, the Supreme

---

[1] The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[2] We review questions of jurisdiction *de novo*.  *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011).

Court has sought to rein in the *Rooker-Feldman* doctrine by emphasizing the doctrine's limited applicability, which it has narrowly confined to suits that invite reversal or rejection of a state-court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Even so, it remains the case that "a state court loser cannot avoid *Rooker-Feldman*'s bar by cleverly cloaking her pleadings in the cloth of a different claim." *May*, 878 F.3d at 1005. "The doctrine applies both to federal claims raised in the state court and to those inextricably intertwined with the state court's judgment." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (internal quotation marks omitted).

The code-enforcement challenges that Thomas presented in federal district court mimic almost precisely the challenges that he previously brought—and lost, conclusively—in state court. The only difference, so far as we can tell, is that whereas in his state-court suit Thomas challenged the City's actions exclusively on state constitutional grounds, he now challenges the very same actions on both state and federal constitutional grounds—all of which, significantly, cover the same basic territory. Therefore, Thomas's suit asks the federal courts to reject the judgment of the state court that dismissed his earlier code-enforcement challenges, and thus falls within the narrow class of cases to which the *Rooker-Feldman* doctrine applies. Accordingly, the district court lacked subject-matter jurisdiction

to entertain his claim.  We vacate and remand to the district court to dismiss for lack of subject-matter jurisdiction.

**VACATED AND REMANDED.**