[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11556
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cv-00145-JES-MRM


OWEN BEDASEE,
SANDIE BEDASEE,

                                                    Plaintiffs - Appellants,


versus


FREMONT INVESTMENT & LOAN COMPANY,
OCWEN LOAN SERVICING, LLC,
HSBC BANK USA, NATIONAL ASSOCIATION,
as Trustee under the pooling and servicing agreement
dated as of November 1, 2005 Fremont Home et al,
DOES 1-100,
TRUSTEES 1-100,
SGGH, LLC,
as successor in interest to Fremont Investment & Loan
Company, et al.,

                                                    Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 9, 2018)

Before MARCUS, ROSENBAUM and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiffs Owen and Sandie Bedasee, proceeding *pro se*, filed a lawsuit against several defendants, including HSBC Bank USA, as trustee for Fremont Investment & Loan Company, Ocwen Loan Servicing, LLC, and SGGH, LLC (collectively "Defendants"), challenging a state court foreclosure judgment. The district court dismissed Plaintiffs' lawsuit for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman*[1] doctrine. Plaintiffs now appeal that order. After careful review, we affirm.

## I.    **BACKGROUND**

Plaintiffs purchased the property located at 2040 16th Avenue SW, Naples, Florida, in 2005, and at that time, executed a promissory note in the amount of $444,000, which was secured by a mortgage in favor of the lender, Fremont Investment & Loan Company ("Fremont"). In February 2008, Fremont commenced foreclosure proceedings in state court. The state court entered a final

---

[1] The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

2

summary judgment of foreclosure on June 12, 2008.  At a subsequent foreclosure sale held in 2009, Fremont was the highest bidder and later assigned its interest in the property to HSBC Bank USA.

Plaintiffs sought relief in state court.  They also attempted on several occasions, always unsuccessfully, to remove the foreclosure action to federal court. Plaintiffs also filed an action in federal court against Fremont in 2009, which the court dismissed in part based on the *Rooker-Feldman* doctrine.

In 2016, Plaintiffs filed the lawsuit against Defendants that is the subject of this appeal.  In their amended complaint, Plaintiffs alleged multiple causes of action against Defendants related to the foreclosure, including denial of procedural due process, misrepresentation and fraud, breach of contract, and violations of the Fair Debt Collection Practices Act, the Truth in Lending Act, and the Real Estate Settlement Practices Act.  Plaintiffs sought compensatory damages and declaratory relief, including an order stating that Plaintiffs were entitled to exclusive possession of the property and that Defendants did not have any right, title, or interest in the property.  Defendants[2] moved to dismiss the amended complaint, arguing that Plaintiffs' claims were barred by the *Rooker-Feldman* doctrine because they sought review of the state court's foreclosure judgment.

---

[2] Defendants filed two separate motions to dismiss:  HSBC Bank USA and Ocwen Loan Servicing filed one and SGGH, LLC filed the other.

The district court granted Defendants' motions to dismiss.  Because the claims raised in Plaintiffs' amended complaint were premised entirely on allegations that the state court foreclosure proceedings were improper, the court concluded that they were "inextricably intertwined" with the state court proceeding and therefore barred by the *Rooker-Feldman* doctrine.  The court noted that despite being on notice that the court lacked jurisdiction over their claims, Plaintiffs have attempted to continue litigating this action in federal court.

## II.    <u>DISCUSSION</u>

We review the district court's conclusion that it lacks subject matter jurisdiction *de novo*.  *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009).  The *Rooker-Feldman* doctrine provides "that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court."  *Id.*  The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  "The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably interwined' with a state court judgment."  *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001) (quoting *Siegel v.*

4

*LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000)).  "A claim is 'inextricably intertwined' if it would 'effectively nullify' the state court judgment, or [if] it 'succeeds only to the extent that the state court wrongly decided the issues.'"  *May v. Morgan Cty. Ga.*, 878 F.3d 1001, 1005 (11th Cir. 2017) (quoting *Casale*, 558 F.3d at 1260).

Here, the district court did not err by dismissing Plaintiffs' amended complaint for lack of subject matter jurisdiction because the claims raised were "inextricably intertwined" with the state court foreclosure proceeding:  a proceeding that resulted in a ruling that Defendants were entitled to foreclose the property in question.  In the amended complaint, Plaintiffs state that they brought this action based on wrongful foreclosure and "to compel Defendants to re-convey legal title to the . . . property involved . . . back to Plaintiffs."  And notably, as to each of their claims, Plaintiffs sought declaratory relief whereby their rights to their former home would be restored.  Indeed, they sought an order stating that they were entitled to exclusive possession of the property and that Defendants had no right, title, or interest in the property.

Although Plaintiffs asserted that the foreclosure violated multiple federal statutes, including the Truth in Lending Act and the Fair Debt Collection Practices Act, a decision to vacate the order of foreclosure—whether based on these or any other claims—would have required the district court to nullify the state court's

5

final judgment recognizing the validity of the debt and authorizing foreclosure of the property. *May*, 878 F.3d at 1005. Furthermore, nothing in the record indicates that Plaintiffs lacked an opportunity to present the present claims during the state court foreclosure proceedings. *See id.* (stating that *Rooker-Feldman* "does not apply . . . where a party did not have a reasonable opportunity to raise his federal claim in state proceedings").

In short, Plaintiffs lost in state court and they now seek a do-over in federal court with the goal of having the district court "review and reject[]" the state foreclosure judgment: an action that is exactly what the *Rooker-Feldman* doctrine prohibits. *See Exxon Mobile Corp.*, 544 U.S. at 284. Because the *Rooker-Feldman* doctrine bars review of Plaintiffs' claims, the district court did not err by concluding that it lacked subject matter jurisdiction over those claims.[3]

**AFFIRMED.**

---

[3] Given our determination that the district court lacked subject matter jurisdiction over Plaintiffs' claims pursuant to the *Rooker-Feldman* doctrine, we need not address SGGH, LLC's additional argument that the district court properly found that Plaintiffs' claims were entitled to dismissal based on ineffective service of process. But in any event, because Plaintiffs do not challenge the district court's determination regarding ineffective service of process, they have abandoned any such argument they may have had. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (explaining that issues not "plainly and prominently" raised on appeal are deemed abandoned).