[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10645
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cv-01859-RDP


LISA HOPE ANTOINE,

Plaintiff - Appellant,

versus

EUGENE RAYMOND VERIN,
TERRI WILLINGHAM THOMAS,
WILLIAM COOPER THOMPSON,
CRAIG SORRELL PITTMAN,
TERRY ALLEN MOORE, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 14, 2018)

Before TJOFLAT, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

Lisa Hope Antoine, proceeding pro se, appeals the district court's dismissal of her 42 U.S.C. § 1983 complaint and the denial of her motion to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).  After careful review, we affirm.

## I.

In 2009, Antoine filed a complaint against her adjoining property neighbors in the Circuit Court of Jefferson County, Alabama.  She claimed trespass, injury to real property, and nuisance arising from flooding these neighbors caused on the rear of her property.  In 2011, Judge Eugene Raymond Verin dismissed Antoine's claims and ordered her to pay her neighbors $35,000 in compensatory damages.  He also ordered her to construct and maintain a drain to direct water away from her neighbors' properties.  Antoine moved to set aside the judgment.  Her motion was denied in November 2015.  She appealed the denial of her motion to the Alabama Court of Civil Appeals, which affirmed.  She petitioned for a writ of certiorari to the Supreme Court of Alabama, and her petition was denied.

On November 3, 2017, Antoine filed a complaint in the Northern District of Alabama against Judge Verin and the judges of the Alabama Court of Civil

2

Appeals and the Alabama Supreme Court.[1]  She alleges these judges' actions in her state-court case violated her right to equal protection of the laws under the Fourteenth Amendment and violated Alabama surface-water law.  In her view, "[t]he surface water laws of Alabama allow property owners to control the flow of water on their property with no limitation."  She contends Judge Verin's decision caused her "harm by violating her surface water rights on her property and violating her constitutional right to equal protection of the laws."   She says the appellate judges violated these same rights by affirming Judge Verin's decision and by denying her petition for a writ of certiorari.

As relief, Antoine seeks to set aside the state-court judgment.  She also seeks damages of $107,662.88, which she says would compensate her for the damages and attorney's fees and costs she paid as a result of the state-court litigation.  She also seeks to have Judge Verin order the current adjoining property owner—who is not a party to this action—to pay her $536,700 in compensatory and punitive damages related to the flooding that happened before the state-court judgment and continued afterwards.

The judges moved to dismiss the complaint on two grounds.  First, they said Antoine sought to set aside the judgment, which is prohibited by the Rooker-

---

[1] These judges are the Honorable Terri Willingham Thomas, the Honorable William Cooper Thompson, the Honorable Craig Sorrell Pittman, the Honorable Terry Allen Moore, the Honorable William Scott Donaldson, the Honorable James Allen Main, the Honorable Michael Franklyn Bolin, the Honorable Billy Glenn Murdock, the Honorable Alisa Kelli Wise, and the Honorable Tommy Elias Bryan.

Feldman doctrine.[2]  And they said her remaining claims were barred by judicial immunity and § 1983's prohibition on seeking injunctive relief from judicial officers.

The district court granted the judges' motion, holding that Antoine's action to set aside the judgment was barred by Rooker-Feldman and her claims for money damages were barred by judicial immunity.  Antoine moved to alter the judgment under Federal Rule of Civil Procedure 59(e), which the district court denied.  This appeal followed.

## II.

Antoine argues that the district court had jurisdiction over her claims because the Rooker-Feldman doctrine did not apply.  She also argues the district court abused its discretion and violated her due process rights by granting the state court judges' motion to dismiss and denying her Rule 59(e) motion without holding a hearing.

We review the district court's application of the Rooker-Feldman doctrine de novo.  May v. Morgan Cty., 878 F.3d 1001, 1004 (11th Cir. 2017) (per curiam). The Rooker-Feldman doctrine applies where "the losing party in state court file[s] suit in federal court after the state proceedings end[], complaining of an injury

---

[2] The doctrine takes its name from Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303 (1983).

4

caused by the state-court judgment and seeking review and rejection of that judgment." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291, 125 S. Ct. 1517, 1526 (2005). In those circumstances, federal district courts lack subject matter jurisdiction because 28 U.S.C. § 1257(a) "vests authority to review a state court's judgment solely" in the Supreme Court. Id. at 292, 125 S. Ct. at 1526.

The Rooker-Feldman doctrine applies both to claims that were decided in a state-court judgment and to claims that are "inextricably intertwined" with the state-court judgment. May, 878 F.3d at 1005. "A claim that at its heart challenges the state court decision itself—and not the statute or law which underlies that decision—falls within the doctrine because it complains of injuries caused by state-court judgments and invites review and rejection of those judgments." Id. (alterations adopted and quotations omitted). "A claim is inextricably intertwined if it would effectively nullify the state court judgment, or if it succeeds only to the extent that the state court wrongly decided the issues." Id. (alterations adopted and quotations omitted).

Antoine's claims against the Alabama judges fall into the narrow heartland of the Rooker-Feldman doctrine. Even liberally construed, her claim is that the judges violated her equal protection rights because they incorrectly applied Alabama surface-water law in deciding her case. Her claim would succeed only if we decided that the state court "wrongly decided the issues," see id. (quotation

5

omitted), and is "inextricably intertwined" with the state-court judgment.  See

Feldman, 460 U.S. at 482 n.16, 103 S. Ct. at 1315 n.16 (discussing how a

constitutional claim presented for the first time in federal court could still be

inextricably intertwined with a state-court judgment).  Thus, her claims are barred

by Rooker-Feldman. [3]

## III.

Antoine also claims the district court violated her due process rights by

dismissing her complaint and denying her Rule 59(e) motion for relief from

judgment without conducting hearings.

We review a district court's denial of a hearing for abuse of discretion.

Odyssey Marine Expl., Inc. v. Unidentified Shipwrecked Vessel, 657 F.3d 1159,

1169 (11th Cir. 2011).  District courts have the discretion to resolve parties'

motions without an evidentiary hearing.  Id. at 1170.  A court does not abuse its

discretion when it decides a motion to dismiss for lack of jurisdiction without an

evidentiary hearing "when neither party makes a timely and unequivocal request

---

[3] Although citing this Court's decision in Nicholson v. Schafe, 558 F.3d 1266 (11th Cir. 2009), the district court applied the four-factor test from Amos v. Glynn Cty. Bd. of Tax Assessors, 347 F.3d 1249 (11th Cir. 2003), and found all four factors pointed toward applying Rooker-Feldman.  Since the Supreme Court's decision in Exxon Mobil, we have not applied the Amos test.  See Target Media Partners v. Specialty Mktg. Corp., 881 F.3d 1279, 1285 (11th Cir. 2018) ("We have since declined to apply our previous test for Rooker-Feldman analysis and have instead hewn closely to the language of Exxon Mobil."); Nicholson, 558 F.3d at 1274 ("Rather than apply Amos, we adhere to the language in Exxon Mobil, delineating the boundaries of the Rooker-Feldman doctrine.").

for a [] hearing." Sunseri v. Macro Cellular Partners, 412 F.3d 1247, 1251 (11th Cir. 2005).

Because neither Antoine nor the state-court judges requested a hearing on the motion to dismiss, the district court did not abuse its discretion by not holding one. Id. And because Antoine had an opportunity to raise arguments supporting her Rule 59(e) motion, which the district court determined presented no new issue of fact or law meriting a change in its ruling, the court did not abuse its discretion by not holding a hearing on that motion either. Cf. Odyssey Marine, 657 F.3d at 1170 (holding district court did not abuse its discretion by not holding a hearing on a Rule 12(b)(1) motion where parties had a "full opportunity" to present arguments and evidence).

**AFFIRMED.**