[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13635
Non-Argument Calendar
_____

D.C. Docket No. 9:17-cv-80272-KAM

GALE ZAMORE,

Plaintiff - Appellant,

versus

DEUTSCHE BANK NATIONAL TRUST COMPANY,
individually, and as Trustee for JP Morgan Mortgage Acquisition Trust
2007-CH5 Asset Backed Pass-Through Certificates Series 2007-CH5,
SELECT PORTFOLIO SERVICING, INC.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 25, 2019)

Before ROSENBAUM, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff Gale Zamore[1] filed a lawsuit against Defendants Deutsche Bank National Trust Company ("Deutsche Bank") and Select Portfolio Servicing, Inc. ("Select Portfolio"), seeking a declaration that her mortgage loan had been rescinded under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635. Based on a prior foreclosure action between the parties that resulted in a final judgment, the district court dismissed the lawsuit for lack of jurisdiction under the *Rooker-Feldman*[2] doctrine, which prevents federal courts from reviewing final state-court decisions. After careful review, we affirm.

## I.

Zamore refinanced a mortgage loan in January 2007, and at that time, executed a promissory note in the amount of $246,000, which was secured by a mortgage in favor of the lender, Chase Bank USA, N.A. The note was later assigned to Deutsche Bank, which in August 2009 commenced foreclosure proceedings in state court. Around two months later, Zamore sent Deutsche Bank a notice that she was exercising her right to rescind the mortgage transaction under the TILA. Although the notice was docketed in the state-court case, Zamore did not raise rescission as an affirmative defense, and it was not otherwise addressed

---

[1] We note that, based on the underlying mortgage documents in this case, the plaintiff's first name appears to be spelled "Gail," not "Gale." The plaintiff's counseled filings, however, appear undecided on the matter, switching back and forth between the two spellings.

[2] *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1986).

by the state court.  The state court entered a final judgment of foreclosure on May 29, 2013.

Zamore sought relief from the judgment in state court.  She filed a motion to vacate the judgment, raising the issue of rescission.  That motion was denied, and the denial was affirmed on appeal.  It appears that Zamore also filed a *pro se* quiet-title action in July 2014, raising various claims.  Her complaint was dismissed in October 2015, and the dismissal was affirmed on appeal.

In 2017, Zamore filed this action against Deutsche Bank and Select Portfolio.  The complaint alleges two causes of action.  Count I is a request for declaratory relief in the form of an order declaring that the mortgage loan had been rescinded as of 2009 pursuant to 15 U.S.C. § 1635(b).  Count II alleges that the defendants are liable for damages based on the rescission.

Two weeks after filing suit, Zamore filed a motion for a temporary restraining order "to enjoin Deutsche's continued possession of the property, to return possession of the property to Petitioner, and to enjoin the Defendant from continuing to place the property on the market for sale or from selling the property pending the outcome of this action."

The defendants moved to dismiss the complaint on several grounds, including that Zamore's claims were barred by the *Rooker-Feldman* doctrine.  The district court agreed that *Rooker-Feldman* barred the action, stating that Zamore's

purpose in filing the lawsuit was "to challenge the validity of the foreclosure proceedings, including the Final Judgment." The court further noted that Zamore had raised her rescission-based arguments in state court. Zamore now appeals.

## II.

We review *de novo* the application of the *Rooker-Feldman* doctrine. *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1069–70 (11th Cir. 2013). Broadly speaking, the *Rooker-Feldman* doctrine prevents federal district courts from reviewing state-court decisions. *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009). More precisely, it applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Although *Rooker-Feldman* is a narrow doctrine, "a state court loser cannot avoid *Rooker-Feldman*'s bar by cleverly cloaking her pleadings in the cloth of a different claim." *May v. Morgan Cty., Ga.*, 878 F.3d 1001, 1004 (11th Cir. 2017). Even after *Exxon Mobil*, we have continued to apply the doctrine "both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." *Id.* at 1005 (quoting *Casale v. Tillman*, 558 F.3d 1258, 1260–61 (11th Cir. 2009)). "A claim is inextricably intertwined if it would effectively

4

nullify the state court judgment, or [if] it succeeds only to the extent that the state court wrongly decided the issues." *Casale*, 558 F.3d at 1260 (quotation marks omitted). The doctrine does not apply, however, where a party did not have a "reasonable opportunity" to raise her claim in the state proceeding. *Id.*

Here, the district court did not err by dismissing Zamore's complaint for lack of jurisdiction because the claims raised were "inextricably intertwined" with the state foreclosure judgment. The foreclosure judgment recognized that Zamore's debt to Deutsche Bank was valid and that Deutsche Bank was entitled to foreclose the property in question. Granting Zamore's current request for declaratory relief, in the form of an order stating that her mortgage loan was rescinded as of 2009, "would effectively nullify the state court judgment" granting foreclosure based on the validity of the debt. *Casale*, 558 F.3d at 1260. It is, therefore, barred by *Rooker-Feldman*.

Zamore's arguments to avoid the application of *Rooker-Feldman* are unpersuasive. She notes that rescission under the TILA was not raised or decided in the state foreclosure proceeding, but nothing in the record indicates that Zamore lacked a reasonable opportunity to raise that claim. *See id.* She was aware of such a claim as of October 2009, well before the judgment in May 2013, and she does not suggest that the state court could or would not have considered the claim. In fact, Zamore attempted to raise these arguments to the state courts, but it appears

5

she did so too late.  Arguments that were not offered to or were rejected by the state courts are not excepted from *Rooker-Feldman*'s grasp.  *See id.* at 1261.

Zamore also contends that *Rooker-Feldman* does not apply because she did not expressly challenge the foreclosure judgment or request an order invalidating that judgment.  But "[t]hough the federal case may not be styled as an appeal of a state court judgment, *Rooker-Feldman* is not so easily bypassed."  *May*, 878 F.3d at 1005.  And for the reasons explained above, the relief that Zamore did request—a declaration that the mortgage loan had been rescinded as of 2009—would effectively invalidate the foreclosure judgment.  So Zamore's current claim, however phrased, is "inextricably intertwined" with the state court's judgment.  *See id.* ("A claim that at its heart challenges the state court decision itself—and not the statute or law which underlies that decision—falls within the doctrine because it 'complain[s] of injuries caused by state-court judgments' and 'invite[s] . . . review and rejection of those judgments.'" (quoting *Exxon Mobile*, 544 U.S. at 284)).

For these reasons, the district court did not err in dismissing Zamore's complaint under the *Rooker-Feldman* doctrine.  We therefore do not address the district court's alternative grounds for dismissal.

**AFFIRMED.**

6