[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14987
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-02587-TCB

CLARENCE CARR,

Plaintiff - Appellant,

versus

U.S. BANK,
as trustee for TBW Mortgage Backed Trust Series 2006-6,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 5, 2019)

Before MARCUS, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff Clarence Carr, proceeding *pro se*, appeals the dismissal of his complaint against Defendant U.S. Bank National Association. Because the *Rooker-Feldman* doctrine bars his claims, we affirm.

## I.    FACTUAL BACKGROUND

The relevant facts are largely undisputed. Carr previously owned real estate located in Jonesboro, Georgia. After he defaulted on a promissory note secured by a mortgage on the property, U.S. Bank initiated foreclosure proceedings. At the foreclosure sale, U.S. Bank acquired the property, and Carr became a tenant by sufferance.

After the foreclosure sale, Carr sued U.S. Bank, alleging that it had wrongfully foreclosed on his property. The parties litigated the case in federal court. Ultimately, the district court awarded summary judgment to U.S. Bank.

When the federal litigation ended, U.S. Bank filed a dispossessory action against Carr in Magistrate Court in Clayton County, Georgia. After a bench trial, the court entered judgment in favor of U.S. Bank. Carr appealed to the state court. Because Carr failed to make ongoing rent payments to the state court's registry while his appeal was pending, the state court issued a writ of possession in favor of U.S. Bank. The writ of possession commanded Carr to "without delay" deliver to

2

U.S. Bank "full and quiet possession of the [] premises." Doc. 1 at 16.[1] But Carr did not turn over the property.

A few years after receiving the writ of possession, U.S. Bank sent Carr a letter demanding that he turn over possession of the property. Carr refused to vacate the property and instead filed this declaratory judgment action seeking to bar U.S. Bank from bringing any future eviction proceedings against him. In particular, he sought declarations that (1) principles of res judicata would bar any future proceeding U.S. Bank brought to evict Carr because U.S. Bank was required to have raised any such claim as a compulsory counterclaim in the earlier federal action, and (2) the statute of limitations would bar any proceeding because more than six years had passed since U.S. Bank foreclosed on the property.

U.S. Bank moved to dismiss Carr's complaint, arguing that the complaint failed to state a claim for relief and the court lacked subject matter jurisdiction. U.S. Bank argued that the complaint's allegations failed to establish that Carr was entitled to declaratory relief that would prevent U.S. Bank from evicting him from the property. Regarding res judicata, U.S. Bank argued that it was not required to have litigated dispossessory proceedings in the earlier federal litigation because such a claim would not have been a compulsory counterclaim. In addition, U.S. Bank argued that Carr's allegations failed to establish that the statute of limitations

---

[1] "Doc. #" refers to the numbered entries on the district court's docket.

would bar it from taking further steps to enforce the writ of possession. U.S. Bank also argued that the district court lacked jurisdiction under the *Rooker-Feldman* doctrine because Carr was using the current lawsuit as an improper attempt to challenge in federal court the validity of an earlier state court judgment, which had awarded U.S. Bank a writ of possession.

After Carr responded to the motion to dismiss, the magistrate judge issued a recommendation that the court grant U.S. Bank's motion and dismiss the complaint. The magistrate judge determined that Carr's complaint failed to state a claim for relief. The magistrate judge explained that the allegations failed to establish that res judicata would bar U.S. Bank from bringing a future dispossessory action against Carr. In addition, the magistrate judge noted that Carr had conceded that U.S. Bank's arguments about the statute of limitations and the *Rooker-Feldman* doctrine were correct. These concessions, according to the magistrate judge, provided alternative grounds for granting the motion to dismiss.

Carr objected to the recommendation. After *de novo* review, the district court adopted the magistrate judge's recommendation, overruled Carr's objections, and granted the motion to dismiss. The district court dismissed Carr's claims without prejudice. This is Carr's appeal.

4

## II.    STANDARD OF REVIEW

We review *de novo* a district court's application of the *Rooker-Feldman* doctrine de novo.  *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1069 (11th Cir. 2013).

## III.    ANALYSIS

"The *Rooker-Feldman* doctrine eliminates federal court jurisdiction over those cases that are essentially an appeal by a state court loser seeking to relitigate a claim that has already been decided in a state court."  *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1281 (11th Cir. 2018).[2]  The purpose of the doctrine is "to ensure that the inferior federal courts do not impermissibly review decisions of the state courts—a role reserved to the United States Supreme Court." *Id.*

Under the *Rooker-Feldman* doctrine, a federal court is barred from adjudicating a claim that was "either (1) one actually adjudicated by a state court or (2) one inextricably intertwined with a state court judgment."  *Id.* at 1286 (internal quotation marks omitted).  A claim is inextricably intertwined "if it asks to effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues."  *Id.* (internal quotation marks omitted).

---

[2] The doctrine takes its name from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

"A claim that at its heart challenges the state court decision itself—and not the statute or law which underlies that decision—falls within the doctrine because it complains of injuries caused by state-court judgments and invites review and rejection of those judgments." *May v. Morgan Cty.*, 878 F.3d 1001, 1005 (11th Cir. 2017) (alterations adopted) (internal quotation marks omitted).

We conclude that the *Rooker-Feldman* doctrine bars Carr's claims in this case because the claims improperly invited review and rejection of an earlier state court judgment. When the state court awarded U.S. Bank a writ of possession, its decision had the effect of "authoriz[ing] the removal of the tenant or his or her personal property or both from the premises." O.C.G.A. § 44-7-55. By seeking a declaration in this action that U.S. Bank was barred from taking future steps to evict him from the property, Carr essentially sought to nullify the state court judgment that authorized his removal from the property. Because under the *Rooker-Feldman* doctrine the district court lacked jurisdiction to review the state court's judgment, we conclude that the district court properly dismissed the action without prejudice.[3] *See May*, 878 F.3d at 1005.

## IV.    CONCLUSION

For the reasons set forth above, we affirm the district court's judgment.

---

[3] Because we conclude that the district court lacked jurisdiction under the *Rooker-Feldman* doctrine, we need not address the other grounds for dismissal that the district court identified.

**AFFIRMED.**

7