[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10878

Non-Argument Calendar

_____

ANTHONY I. PROVITOLA,

Plaintiff-Appellant,

*versus*

DENNIS L. COMER,
FRANK A. FORD, JR.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:20-cv-00862-PGB-DCI

_____

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

After unsuccessfully litigating a property dispute in state court, Anthony Provitola sued his state court adversary, Dennis Comer, and Comer's attorney, Frank Ford, in federal court for violating his Fourteenth Amendment due process rights. The district court dismissed Provitola's amended complaint with prejudice because his claims were barred under Florida's litigation privilege and the *Rooker-Feldman* doctrine,[1] and because they failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). After thorough review, we affirm but remand the case to the district court for the limited purpose of correcting the judgment to reflect that the amended complaint is dismissed without prejudice.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Provitola, a Florida attorney, sued Comer in Florida state court after Comer obstructed Provitola's passage on a public road with a gate. Ford represented Comer in the state court lawsuit. Florida Circuit Judge Sandra Upchurch dismissed Provitola's claims without prejudice, found Provitola's motion for summary judgment to be "without support," and granted Comer's motion

---

[1] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983).

for attorney's fees.  Judge Upchurch then recused herself.  After the case was assigned to Florida Circuit Judge Randell Rowe, Provitola filed an amended complaint.  Judge Rowe dismissed Provitola's amended complaint with prejudice.

Provitola appealed Judge Upchurch's attorney's fees award and Judge Rowe's dismissal order to Florida's Fifth District Court of Appeal.  A three-judge panel affirmed the dismissal order and dismissed the appeal of the attorney's fees award.  On remand, Judge Rowe denied Provitola's motion to vacate the attorney's fees award, ruled that his motion for summary judgment was "without support," and entered final judgment awarding attorney's fees to Comer.  Provitola appealed Judge Rowe's fee judgment to the Fifth District Court of Appeal.  A different three-judge panel affirmed.

After losing in state court, Provitola sued Comer and Ford in the district court.  Provitola's amended complaint alleged claims "under 42 U.S.C. section 1983 and 28 U.S.C. section 1367."  The amended complaint alleged that Comer and Ford violated Provitola's due process rights when they acted "as private persons jointly engaged with" and "with the cooperation of and in concert with the corruption of" Judge Upchurch, Judge Rowe, and both Fifth District Court of Appeal panels to "illegally" rule against him. More specifically, the amended complaint alleged that Provitola was injured by:  (1) Judge Upchurch's "illegal granting" of Comer's motion for attorney's fees and "illegally facilitating the Defendants' avoidance of the hearing of [Provitola's] motion for summary judgment"; (2) Judge Rowe's "illegal granting" of Comer's motion to

dismiss and motion for attorney's fees, "illegal denial" of Provitola's motion to vacate, and "illegally facilitating the Defendants' avoidance of [Provitola's] motion for summary judgment"; (3) the Fifth District Court of Appeal's "illegal affirmance" of Judge Rowe's dismissal order; and (4) the Fifth District Court of Appeal's "illegal affirmance" of Judge Rowe's attorney's fees award. The amended complaint also requested judgment "declaring all of the unconstitutional actions of the courts in the [state lawsuit] to be null and void" and "providing the relief requested in the [state lawsuit] that was denied as a result of the unconstitutional action of the [s]tate courts in the [state lawsuit]."

Comer and Ford moved to dismiss the amended complaint. The district court granted the motion and dismissed the amended complaint with prejudice on three grounds. First, the district court concluded that Florida's litigation privilege provided Comer and Ford absolute immunity because their actions occurred during the regular course of litigation. Second, the district court concluded that Provitola's claims failed because he had not alleged that Comer and Ford were state actors under section 1983. And third, the district court concluded that it lacked jurisdiction over Provitola's claims under the *Rooker-Feldman* doctrine because they were "a thinly veiled attempt to re-litigate his state court action." Provitola timely appealed.

## II.    STANDARDS OF REVIEW

We review de novo a district court's order granting a motion to dismiss with prejudice, applying the same standards the district court used. *Young Apartments, Inc. v. Town of Jupiter*, 529 F.3d 1027, 1037 (11th Cir. 2008). We also review de novo a district court's dismissal for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009).

## III.    DISCUSSION

The district court correctly concluded that it lacked jurisdiction over Provitola's claims under the *Rooker-Feldman* doctrine. The doctrine prohibits appellate review of state court decisions in federal district courts "[o]nly when a losing state court litigant calls on a district court to modify or 'overturn an injurious state-court judgment.'" *Behr v. Campbell*, 8 F.4th 1206, 1210 (11th Cir. 2021) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005)). To determine whether a claim falls into the small class of claims barred by *Rooker-Feldman*, we look to the relief sought. *See id.* at 1213–14 ("The question . . . [is] whether resolution of each individual claim requires review and rejection of a state court judgment. . . . [T]he claim for relief *does* matter."). "[C]laims that seek only damages for constitutional violations of third parties—not relief from the judgment of the state court—are permitted." *Id.* at 1214. "[C]laims that invite a district court's 'review and rejection' of a state court judgment" are not. *Id.*

Provitola's claims fall within *Rooker-Feldman*'s limited scope. Although labeled as constitutional violations by Comer and Ford, Provitola's allegations make plain that his injuries were caused by the state court judgment. *See id.* at 1212 ("The injury must be caused by the judgment itself."). And the amended complaint's prayer for relief—requesting judgment "declaring all of the unconstitutional actions of the courts in the [state lawsuit] to be null and void" and "providing the relief requested in the [state lawsuit] that was denied as a result of the unconstitutional action of the [s]tate courts in the [state lawsuit]"—demonstrates that Provitola's claims are in reality direct challenges to his state court losses "cloak[ed] . . . in the cloth of a different claim." *See id.* at 1211 (quoting *May v. Morgan County Ga.*, 878 F.3d 1001, 1005 (11th Cir. 2017)). In other words, the purpose of Provitola's constitutional claims against Comer and Ford was not to determine whether he was entitled to damages for constitutional violations; rather, their purpose was to undo the state court judgment. "*That*," we have explained, is "a violation of *Rooker-Feldman*." *Id.* at 1213.

Because the district court correctly dismissed Provitola's amended complaint for lack of subject matter jurisdiction, we do not reach Provitola's argument that the district court erred in concluding that Comer and Ford were entitled to absolute immunity and that he had not alleged that Comer and Ford were state actors under section 1983. A dismissal for lack of subject matter jurisdiction must, however, be entered without prejudice because it is not a judgment on the merits. *Stalley ex rel. U.S. v. Orlando Reg'l*

*Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).  Therefore, we remand with instructions to correct the judgment.

## IV.    CONCLUSION

We **AFFIRM** the dismissal of Provitola's amended complaint under the *Rooker-Feldman* doctrine.  But we **REMAND** for the limited purpose of having the district court correct the judgment to reflect dismissal without prejudice.[2]

---

[2] We **DENY** Comer and Ford's motion for sanctions.