[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13936

Non-Argument Calendar

_____

IN RE: DAWN OHLSSON,

Debtor.

_____

DAWN OHLSSON,

Plaintiff-Appellant,

*versus*

U.S. BANK NATIONAL ASSOCIATION,
as Trustee for Structured Asset Securities
Corporation Mortgage Pass-Through Certificates, Series 2006-BCI,

2                    Opinion of the Court                    21-13936

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-02724-KKM,
Bkcy No. 8:20-bk-00975-CPM

_____

Before ROSENBAUM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Dawn Ohlsson, a *pro se* debtor who filed for bankruptcy protection under Chapter 7, appeals the bankruptcy court's dismissal of her adversary complaint seeking to invalidate U.S. Bank National Association's ("U.S. Bank") mortgage lien on her residence. The district court affirmed the bankruptcy court, and so do we.

In February 2020, Ohlsson filed a voluntary petition for bankruptcy under Chapter 7. Ohlsson's primary asset was her residence at 3261 Mayflower Street in Sarasota, Florida. Not long after Ohlsson filed for bankruptcy, U.S. Bank moved for relief from the automatic stay based on a state-court 2018 foreclosure judgment concerning the property. According to the attached "Agreed Uniform Final Judgment of Mortgage Foreclosure," U.S. Bank held a "first mortgage lien" on the property, it was owed $316,414.48 as of September 2018, and it was entitled to recover that amount

through a foreclosure sale of the property.  Ohlsson responded by filing an adversary complaint challenging the validity of U.S. Bank's mortgage lien and seeking declaratory relief that the mortgage was a "legal nullity," and that U.S. Bank had no enforceable interest in the property.

The bankruptcy court granted U.S. Bank's motion to dismiss the complaint after holding a hearing.  The court found that it lacked jurisdiction over Ohlsson's complaint under the *Rooker-Feldman*[1] doctrine because Ohlsson sought relief that would effectively invalidate the final state-court foreclosure judgment.  The court also rejected Ohlsson's argument that U.S. Bank was required to file a proof of claim to pursue its interest in the property.  The district court affirmed the bankruptcy court on appeal, and Ohlsson now appeals to this Court.[2]

In bankruptcy appeals, we independently examine the factual and legal determinations of the bankruptcy court, applying the same standards of review as the district court. *Iberiabank v. Geisen* (*In re FFS Data, Inc.*), 776 F.3d 1299, 1303 (11th Cir. 2015).  We review determinations of law *de novo* and factual findings for clear error. *HSSM # 7 Ltd. P'ship v. Bilzerian* (*In re Bilzerian*), 100 F.3d

---

[1] The *Rooker-Feldman* doctrine is named for *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

[2] We disagree that Ohlsson's notice of appeal was untimely, as U.S. Bank asserts, given the lack of a separate judgment. *See* Fed. R. App. P. 4(a)(7)(A).

886, 889 (11th Cir. 1996).  Whether a claim is subject to dismissal under *Rooker-Feldman* is a legal question we review *de novo*. *Behr v. Campbell*, 8 F.4th 1206, 1209 (11th Cir. 2021).

The *Rooker-Feldman* doctrine recognizes that "state court litigants do not have a right of appeal in the lower federal courts." *Id.* at 1209–10.  "[O]nly the Supreme Court can 'reverse or modify' state court judgments; neither district courts nor the circuits can touch them."  *Id.* at 1210.  So when a litigant "come[s] to federal district court[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments," the court lacks jurisdiction.  *Id.* (quotation marks omitted). The doctrine is "limited" and "narrow," though: "Only when a losing state court litigant calls on a district court to modify or overturn an injurious state-court judgment should a claim be dismissed under *Rooker-Feldman*."  *Id.* at 1210–11.  It is not a "broad means of dismissing all claims related in one way or another to state court litigation."  *Id.* at 1212.

Here, the bankruptcy court did not err in dismissing Ohlsson's adversary complaint in part for lack of subject-matter jurisdiction under *Rooker-Feldman*.  Ohlsson complained of injuries caused by the state-court foreclosure judgment and U.S. Bank's attempts to enforce that judgment. *See id.* at 1212 ("The injury must be caused by the judgment itself. Period.").  And she invited "review and rejection" of that ruling by seeking declaratory and injunctive relief that would nullify the state court's judgment that

U.S. Bank held a valid first mortgage lien on the property and was owed more than $300,000, which it could collect by foreclosure sale. *See id.* at 1210–11. Specifically, Ohlsson sought declaratory relief that would invalidate U.S. Bank's mortgage lien and injunctive relief that would prevent it from enforcing its interest in the property. The mere fact that Ohlsson's complaint was not "styled as an appeal of a state court judgment" does not matter because "*Rooker-Feldman* is not so easily bypassed." *May v. Morgan Cnty.*, 878 F.3d 1001, 1005 (11th Cir. 2017); *see Behr*, 8 F.4th at 1210–11 ("[A]ppeals of state court judgments are barred under *Rooker-Feldman*, no matter how the claims are styled.").

We agree with Ohlsson insofar as *Rooker-Feldman* does not bar her arguments based on U.S. Bank's failure to file a proof of claim in the bankruptcy proceeding. But the bankruptcy and district courts correctly concluded that she was not entitled to relief on this issue.

Ohlsson mainly relies on Rule 3002, which provides that a creditor "must file a proof of claim or interest for the claim or interest to be allowed." Fed. R. Bankr. P. 3002(a). Yet that same rule makes clear that the failure to file a proof of claim does not invalidate a lien that secures the claim. *Id.* ("A lien that secures a claim against the debtor is not void due only to the failure of any entity to file a proof of claim.). Similarly, 11 U.S.C. § 506(d) provides that a lien securing a claim is not void due simply to the "failure . . . to file a proof of such claim." As applied here, these rules mean that

U.S. Bank's failure to file a proof of claim has no effect on the validity of its mortgage lien.

Nor was a proof of claim called for in this case. Rule 2002(e) provides that, in a no-asset Chapter 7 case, the trustee may notify the creditors that it is unnecessary to file claims. Fed. R. Bankr. P. 2002(e). This reflects that an "allowed claim in bankruptcy . . . permits the claimant to participate in the distribution of the bankruptcy estate." *Ziino v. Baker*, 613 F.3d 1326, 1328 (11th Cir. 2010). So if there are no assets to distribute in bankruptcy, there is no need to make a claim or interest "allowed" by filing a proof of claim. *See id.*; Fed. R. Bankr. P. 3002(a). That's exactly what happened here. The Trustee notified creditors that there were no assets to distribute and that filing a proof of claim was unnecessary. As a result, U.S. Bank cannot be faulted for not filing a proof of claim. And again, even if there were assets to distribute, U.S. Bank's failure to file a proof of claim would not undermine the validity of its mortgage lien or its rights under state law. *See* 11 U.S.C. § 506(d); Fed. R. Bankr. P. 3002(a).

For these reasons, we affirm the bankruptcy court's dismissal of Ohlsson's complaint.

**AFFIRMED.**