[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10768
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cv-01749-CEH-TBM


EDWARD A. BEHL, SR.,

                                                        Plaintiff-Appellant,

versus

R. TIMOTHY PETERS,
Circuit Court Judge in his/her official capacity,
CHRISTINA T. HELINGER,
Circuit Court Judge in his/her official capacity, et al.,

                                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 19, 2018)

Before MARCUS, MARTIN, and ROSENBAUM , Circuit Judges.

PER CURIAM:

Edward Behl, Sr., a Florida prisoner proceeding pro se, appeals the district court's order dismissing his civil rights action brought under 42 U.S.C. § 1983. He argues that the district court erred in dismissing his complaint because his complaint did not challenge the fact and duration of his confinement. We affirm on the alternative ground that Mr. Behl's complaint is barred by the Rooker-Feldman doctrine.[1]

I.

In 2002, Behl was convicted of a number of counts of sexual battery on a minor and, he was sentenced to life in prison. After a direct appeal, resentencing, and another direct appeal, Behl sought state post-conviction relief under Florida Rule of Criminal Procedure 3.850. In September 2008, Judge Timothy Peters of the Florida Sixth Judicial Circuit Court denied Behl's Rule 3.850 motion as untimely. Behl explains that "[i]t is this erroneous order by Judge Peters that is the genesis and foundation of [his] Complaint for the deprivation of his federal rights to access to the courts, due process, and habeas relief." Judge Peter's denial of Behl's Rule 3.850 motion was affirmed on appeal. Behl then filed a petition under 28 U.S.C. § 2254 in federal district court, but his petition was denied. Behl v. Sec'y, Fla. Dep't of Corr., Case No. 8:10-cv-1583-T-17EAJ, 2011 WL 3331207 (M.D. Fla. Aug. 3, 2011). This Court denied a certificate of appealability. Behl v.

---

[1] The doctrine takes its name from Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149 (1923), and D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303 (1983).

2

Sec'y, Fla. Dep't of Corr., No. 11-14160 (11th Cir. Feb. 21, 2012).  Since then, Behl has sought relief from other courts by way of mandamus, certiorari, a writ of habeas corpus, and a motion for relief from judgment.  His argument in all of these filings was that his Rule 3.850 motion was timely.  However, none of Behl's attempts have been successful.

On July 18, 2017, Behl filed a 42 U.S.C. § 1983 suit against fifteen Florida justices and judges as well as the Florida Attorney General, three assistant attorney generals, a Florida state attorney, and various unknown assistant state attorneys.  In general, Behl alleged the defendants perpetuated Judge Peters's incorrect ruling on timeliness and, in doing so, denied Behl his federal constitutional right to due process.  For these violations, Behl sought three forms of relief.  First, he wanted a declaratory judgment that Judge Peters's "misrepresentations" were "erroneous as a matter of law and fraudulent," and that all other defendants were complicit in perpetuating that fraud.  Second, he wanted an injunction ordering the defendants to reinstate Behl's state post-conviction proceedings.  And third, he sought a declaration that the Attorney General of Florida and two of her assistants had committed fraud on the federal courts by "willfully misrepresenting that Behl had procedurally defaulted his federal habeas claims in the state courts."  His complaint expressly disavowed any intention to "challenge either the fact or duration of [his] confinement."

3

The district court reviewed Behl's complaint as required by 28 U.S.C. § 1915(e)(2)(B) and ordered it dismissed on four alternative grounds. Two of those grounds are based on the district court's characterization of his complaint as seeking relief from his conviction under 28 U.S.C. § 2254, as opposed to relief available under 42 U.S.C. § 1983. The Court also ruled that it lacked power to order the mandamus relief sought by Behl. Last, the court found Behl's complaint was barred by the Rooker-Feldman doctrine. This appeal followed.[2]

## II.

We review a district court's legal rulings in dismissing a complaint for lack of subject matter jurisdiction de novo, and its findings of jurisdictional facts for clear error. Williams v. Poarch Band of Creek Indians, 839 F.3d 1312, 1314 (11th Cir. 2016). We also "review de novo a district court's sua sponte dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)." Evans v. Ga. Reg'l Hosp., 850 F.3d 1248, 1253 (11th Cir. 2017). "Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Evans, 850 F.3d at 1253. To satisfy this pleading standard, "a complaint must contain sufficient factual matter,

---

[2] Behl also appealed the denial of his post-judgment Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment, his Rule 60(b)(6) motion for reconsideration, and his Rule 60(b)(1) motion for relief from an erroneous order. Behl made no arguments about these rulings in his brief and has therefore abandoned any challenge to them. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted).

### III.

Now on appeal, Behl challenges the district court's ruling that his complaint challenged the fact or duration of his confinement.  That interpretation led the district court to decide that Behl's complaint is an unauthorized second or successive § 2254 habeas petition, rather than a § 1983 claim.  See Heck v. Humphrey, 512 U.S. 477, 486–87, 114 S. Ct. 2364, 2372–73 (1994).  We agree the district court erred on this issue.

The district court construed Behl's complaint as seeking to challenge the fact or duration of his confinement, in the face of the complaint's express statement that it does not.  Behl's complaint instead alleges that the state post-conviction court made a procedural error in denying his state petition that infected his federal habeas proceedings.  And Behl did not seek immediate release from confinement or a shorter sentence, but, instead, sought review of the state judge's untimeliness ruling and reinstatement of his action for state post-conviction relief.  Thus, a judgment in Behl's favor would, at most, result in a ruling that the state post-conviction court's holding on timeliness was incorrect and reinstatement of his state post-conviction proceedings.  Such a ruling in Behl's favor would not necessarily entitle him to federal habeas relief or imply the invalidity of his

conviction and sentence.  See Wilkinson v. Dotson, 544 U.S. 74, 81, 125 S. Ct. 1242, 1248 (2005).  The district court therefore erred in dismissing Behl's complaint as a second or successive  2254 petition and for failing to state a claim under § 1983.

Yet the district court made an alternative ruling.  The district court also held that Behl's complaint was barred by the Rooker-Feldman doctrine.  That doctrine applies where "the losing party in state court file[s] suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291, 125 S. Ct. 1517, 1526 (2005).  In those circumstances, federal district courts lack subject matter jurisdiction because 28 U.S.C. § 1257(a) "vests authority to review a state court's judgment solely" in the Supreme Court.  Id. at 292, 125 S. Ct. at 1526.  The Rooker-Feldman doctrine applies both to claims that were decided in a state-court judgment and to claims that are "inextricably intertwined" with the state-court judgment.   May v. Morgan Cty. Ga., 878 F.3d 1001, 1005 (11th Cir. 2017) (per curiam).

Behl failed to challenge the district court's alternative holding, so we could affirm for this reason alone.  Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681–83 (11th Cir. 2014).   But we also agree with the merits of the district court's

holding that Behl's complaint is barred by <u>Rooker-Feldman</u> because it effectively seeks to overturn the procedural rulings in his state post-conviction case.[3]

**AFFIRMED.**

---

[3] We note a petition for a writ of habeas corpus under 28 U.S.C. § 2254 is not subject to the <u>Rooker-Feldman</u> doctrine. <u>Exxon Mobil</u>, 544 U.S. at 292 n.8, 125 S. Ct. at 1526 n.8 ("Congress, if so minded, may explicitly empower district courts to oversee certain state-court judgments and has done so, most notably, in authorizing federal habeas review of state prisoners' petitions." (citing 28 U.S.C. § 2254(a)).  But as discussed above, Behl did not file a § 2254 petition, and his complaint did not seek to invalidate his conviction or sentence.