[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11727
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cv-61870-JEM

INNOCENT CHINWEZE,

Plaintiff - Appellant,

versus

BANK OF AMERICA, N.A.,
FEDERAL NATIONAL MORTGAGE ASSOCIATION,
MANSFIELD BRONSTEIN, P.A.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 12, 2019)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Innocent Chinweze filed a lawsuit against Bank of America, N.A. ("BANA"), the Federal National Mortgage Association ("Fannie Mae"), and Mansfield Bronstein, P.A. ("Mansfield"), arising out of the foreclosure sale of his Miramar, Florida, home by public auction in May 2013. Chinweze alleged that Mansfield, his prior foreclosure counsel, wrongfully paved the way for the foreclosure sale and that BANA and Fannie Mae conspired to manipulate the auction and, in doing so, violated his constitutional rights and federal and Florida laws against anticompetitive and deceptive behavior.

The district court granted BANA and Fannie Mae's motion to dismiss the claims against them for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine, which, broadly speaking, prevents federal district courts from reviewing state-court decisions. *See Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009). The court then dismissed the claims against Mansfield for failure to prosecute. Chinweze appeals.

## I.

The relevant facts are largely undisputed. In August 2010, after Chinweze defaulted on a promissory note secured by a mortgage on real properly located in Miramar, Florida, BANA initiated foreclosure proceedings, during which Chinweze was represented by Mansfield. In November 2012, a Florida state trial court entered a final foreclosure judgment in favor of BANA. The judgment determined that

2

Chinweze owed BANA nearly $440,000 and ordered the property to be sold at a foreclosure sale on February 5, 2013. In late January 2013, BANA assigned its right to bid at the sale to Fannie Mae.

Chinweze prevented the foreclosure sale from going forward by filing a bankruptcy petition on February 4, 2013. After the bankruptcy court dismissed Chinweze's petition with prejudice for 180 days, a state trial court rescheduled the sale for May 28, 2013.

Chinweze objected to the sale and moved to vacate the foreclosure judgment. He asserted that BANA lacked standing to compel the sale of the property because it had assigned its right to bid to Fannie Mae. He also alleged violations of his due-process rights. The trial court denied the motion and the clerk of court conducted the sale on May 28, 2013. During the sale, BANA placed a proxy credit bid for Fannie Mae. Fannie Mae was the high bidder and was issued a certificate of sale.

Soon after, Chinweze filed an emergency motion to cancel and vacate the sale. In that motion, Chinweze argued that the sale should be vacated because, as he had previously argued, BANA failed to provide adequate notice of the sale and because BANA could not participate in the public auction or purchase the property because it had assigned its bid to Fannie Mae. In July 2013, the state court denied this motion and directed the clerk of court to issue a certificate of title. Chinweze took an

3

unsuccessful appeal to the Fourth District Court of Appeal, which issued a *per curiam* affirmance in April 2015.

Chinweze continued to try to prevent the issuance of a certificate of title. He filed another bankruptcy petition; he filed objections raising antitrust and civil rights violations; and he appealed a state trial court order granting BANA's motion to issue a certificate of title over his objections. The state appellate court eventually affirmed the trial court's ruling in December 2017.

## II.

Facing eviction, Chinweze filed this lawsuit against BANA, Fannie Mae, and Mansfield in September 2017. Chinweze alleged that BANA and Fannie Mae conspired to "monopolize the foreclosure action" by using their combined financial resources to effectively exclude the public—through the assignment of BANA's right to bid and the proxy credit bid—and ensure that Fannie Mae was the high bidder at the auction. Chinweze further alleged that Mansfield, his prior foreclosure counsel, paved the way for the foreclosure sale by failing to inform him of the foreclosure judgment and then abandoning him without notice.

Chinweze alleged violations of the Sherman Act, 15 U.S.C. §§ 1 & 2; the Florida Antitrust Act, Fla. Stat. § 542.18; the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204; and his civil and constitutional rights. For these alleged violations, Chinweze requested "that the entire foreclosure auction . . . [and]

that the final judgment of mortgage foreclosure . . . be set aside." He also sought damages "caused by the Defendants in the illegal foreclosure and sale," injunctive and equitable relief, and other civil damages and penalties.

After BANA and Fannie Mae filed a motion to dismiss, the magistrate judge recommended that the claims against BANA and Fannie Mae be dismissed for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. According to the magistrate judge's report and recommendation (the "BANA R&R"), Chinweze's claims were inextricably intertwined with the state-court foreclosure judgment and related proceedings and were, therefore, barred by *Rooker-Feldman*.

The BANA R&R informed Chinweze that he had fourteen days in which to file objections and that the failure to file timely objections would bar him from "attacking on appeal unobjected-to factual and legal conclusions contained [in the R&R], except upon grounds of plain error if necessary in the interest of justice." Chinweze did not file timely objections or otherwise respond to the BANA R&R. Accordingly, the district court adopted the BANA R&R and dismissed the claims against BANA and FNMA "with prejudice."

With regard to the claims against Mansfield, the magistrate judge issued a show-cause order on March 19, 2018. In the order, the magistrate judge noted that Mansfield, despite being served in December 2017, had not responded to the complaint and that Chinweze had not moved for entry of default. So, the magistrate

judge directed Chinweze to show cause, on or before March 29, why the claims against Mansfield should not be dismissed for lack of prosecution. That deadline came and went without a response from Chinweze, so the magistrate judge issued another report and recommendation (the "Mansfield R&R") on April 4, 2018, recommending dismissal for failure to prosecute. Chinweze finally filed a response to the show-cause order on April 18, the date on which objections to the R&R were due, explaining that he had been sick and also wanted to give Mansfield additional time to respond to the complaint. The district court adopted the Mansfield R&R two days later.

## III.

We first consider the district court's dismissal of Chinweze's claims against BANA and FNMA under the *Rooker-Feldman* doctrine. We ordinarily review *de novo* the application of this doctrine. *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1069–70 (11th Cir. 2013).

The *de novo* standard does not apply in this case, however, because Chinweze did not file timely objections to the R&R despite being warned about the consequences for failing to do so. This Court's general rule is this:

> A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed

6

of the time period for objecting and the consequences on appeal for failing to object.

11th Cir. R. 3-1. "In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *Id.*

Because Chinweze failed to object to the BANA R&R, we review the dismissal of Chinweze's claims against BANA and FNMA for plain error at most. This doctrine "rarely applies in civil cases," *Ledford v. Peeples*, 657 F.3d 1222, 1258 (11th Cir. 2011), and will ordinarily be invoked only where an error "resulted in a miscarriage of justice," *Sec. & Exch. Comm'n v. Diversified Corp. Consulting Grp.*, 378 F.3d 1219, 1227 n.14 (11th Cir. 2004).

This is not a "rare case" in which reversal for plain error is warranted. *See id.* at 1227. According to the Supreme Court, the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Although *Rooker-Feldman* is a narrow doctrine, "a state court loser cannot avoid *Rooker-Feldman*'s bar by cleverly cloaking her pleadings in the cloth of a different claim." *May v. Morgan Cty. Ga.*, 878 F.3d 1001, 1004 (11th Cir. 2017). We apply the doctrine "both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." *Id.* at 1005 (quoting *Casale v. Tillman*, 558 F.3d 1258, 1260–61 (11th

7

Cir. 2009)).  "A claim is inextricably intertwined if it would effectively nullify the state court judgment, or [if] it succeeds only to the extent that the state court wrongly decided the issues."  *Casale*, 558 F.3d at 1260 (quotation marks omitted).

Here, Chinweze has not shown that the district court plainly erred by concluding that his claims against BANA and FNMA were barred by *Rooker-Feldman*.  A review of Chinweze's complaint shows that he alleged harm stemming from the foreclosure sale and subsequent orders refusing to vacate it, and that he was attempting to "set aside" that sale, if not the underlying foreclosure judgment itself, despite state trial and appellate decisions upholding it.  In other words, Chinweze complained of injuries caused by state-court decisions and invited review and rejection of those decisions.  *See May*, 878 F.3d at 1005.  Even if his federal complaint raised new federal claims that were not addressed by the state courts, the *Rooker-Feldman* doctrine applies "both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment."  *Id*.  Accordingly, we are not convinced that the district court committed a plain error that "resulted in a miscarriage of justice."[1]  *Diversified Corp.*, 378 F.3d at 1227 n.14.

Next, Chinweze argues that the district court abused its discretion in dismissing his claims against Mansfield for lack of prosecution.  The decision to

---

[1] To the extent Chinweze relies on a fraud exception to *Rooker-Feldman*, the district court did not plainly err because this Court has not recognized such an exception in a published opinion. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

8

dismiss a case for lack of prosecution "lies within the trial court's discretion and can be reversed only for an abuse of discretion." *McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986); *Dynes v. Army Air Force Exchange Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983). "A district court has inherent authority to manage its own docket so as to achieve the orderly and expeditious disposition of cases." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation marks omitted). And "[t]he court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Id.* (citing Fed. R. Civ. P. 41(b)). *Sua sponte* dismissal is authorized under both Rule 41(b) and the court's inherent powers. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005).

Chinweze argues that dismissal was not warranted under Rule 41, Fed. R. Civ. P., because, in his view, that rule permits dismissal for lack of prosecution only where the plaintiff's failure to prosecute extends for more than two years. He is incorrect. Rule 41(b) states, in full,

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Nothing in this rule requires that a case be pending for two years before dismissal is authorized.

9

Nor has Chinweze otherwise shown that the district court abused its discretion by dismissing the claims against Mansfield *without* prejudice.  True, the record does not support a dismissal *with* prejudice for failure to prosecute, which requires a "clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice."  *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).  Nothing of the sort is present here.

But we "apply a less stringent standard of review" to a dismissal without prejudice, "because the plaintiff would be able to file his suit again."  *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212–13 (5th Cir. 1976)[2]; *see Dynes v. Army Air Force Exh. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) ("Although this case does not involve a series of violation of court rules or pretrial orders, because the case was dismissed without prejudice, we cannot say that the district court abused its discretion.").  Given that Chinweze failed to diligently prosecute his claims against Mansfield and then failed to timely respond to an order to show cause why his claims should not be dismissed for failure to prosecute, we cannot say that the court abused its discretion in dismissing the case without prejudice, notwithstanding Chinweze's eventual response to the order to show cause and the explanation provided therein.

---

[2] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Finally, we note that the district court purported to dismiss Chinweze's claims against BANA and Fannie Mae under *Rooker-Feldman with* prejudice. But a *Rooker-Feldman* dismissal is a dismissal for lack of subject-matter jurisdiction, and "[a] dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). We therefore remand this action for the district court to reenter its judgment accordingly.

**AFFIRMED in part; REMANDED in part.**