**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 24-12949

Non-Argument Calendar

————————————

ROBERT JONES,

*Plaintiff-Appellant,*

*versus*

THE LAMAR COMPANY, LLC,
   A Louisiana Limited Liability Company,
LAMAR ADVERTISING COMPANY,
THE LAMAR COMPANIES,
LAMAR MEDIA CORPORATION,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cv-01461-CEH-AAS

————————————

Before ROSENBAUM, GRANT, and MARCUS, Circuit Judges.

PER CURIAM:

Robert Jones, proceeding pro se, appeals the district court's order dismissing his amended civil complaint, alleging that The Lamar Company, LLC ("Lamar") violated Florida law through its actions in previous state court proceedings. On appeal, Jones argues that: (1) the court erred in dismissing his complaint for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine[1]; and (2) the court abused its discretion by not granting him leave to further amend his complaint. After careful review, we affirm.

We review a district court's decision that it lacks subject-matter jurisdiction de novo. *Behr v. Campbell*, 8 F.4th 1206, 1209 (11th Cir. 2021). We review the grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6) de novo, accept the plaintiff's allegations as true, and construe them in the light most favorable to the plaintiff. *Caterpillar Fin. Servs. Corp. v. Venequip Mach. Sales Corp.*, 147 F.4th 1341, 1346 (11th Cir. 2025). We review a district court's decision whether to grant further leave to amend a complaint for abuse of discretion, *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 999–1000 (11th Cir. 2021) (leave to amend), but we review de novo whether granting leave to amend is futile, *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1328 (11th Cir. 2020). A court abuses its discretion if it applies an incorrect legal standard, follows improper procedures, or makes clearly erroneous findings of fact. *Peer v. Lewis*, 606

---

[1] The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

F.3d 1306, 1311 (11th Cir. 2010).  We may affirm on any ground that is supported by the record.  *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1210 (11th Cir. 2020).

We hold pro se pleadings to a less stringent standard than counseled pleadings and liberally construe them.  *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1334 (11th Cir. 2022).  But pro se litigants still must conform to procedural rules.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).  So, while we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  A party fails to adequately present an issue when he does not plainly and prominently raise it, by, for instance, devoting a discrete section of his argument to that claim.  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).  An appellant also abandons an issue when he raises it in a perfunctory manner without supporting arguments and authority or makes only passing references in the argument section of an initial brief, particularly if the references are mere "background" to the main arguments or are "buried" within those arguments.  *Id.* at 682.

The *Rooker-Feldman* doctrine precludes a district court from exercising subject-matter jurisdiction over a claim where a "losing party in state court file[s] suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005).  This "doctrine occupies 'narrow ground.'"  *Behr*, 8 F.4th at

1209.  We've described the *Rooker-Feldman* doctrine's application like this:

> [I]t is based explicitly on the statutory limitations of federal district courts' jurisdiction.  Only when a losing state court litigant calls on a district court to modify or "overturn an injurious state-court judgment" should a claim be dismissed under *Rooker-Feldman*; district courts do not lose subject matter jurisdiction over a claim "simply because a party attempts to litigate in federal court a matter previously litigated in state court."

*Id.* at 1210.  So, if a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction. *Exxon Mobil Corp.*, 544 U.S. at 293.  Yet, the doctrine "bars all appeals of state court judgments -- whether the plaintiff admits to filing a direct appeal of the judgment or tries to call the appeal something else." *Behr*, 8 F.4th at 1211.  The claim must "at its heart challenge[] the state court decision itself." *May v. Morgan Cnty. Ga.*, 878 F.3d 1001, 1005 (11th Cir. 2017).  The injury the plaintiff complains of "must be caused by the judgment itself." *Behr*, 8 F.4th at 1212. Courts must use a claim-by-claim basis, deciding "whether resolution of each individual claim requires review and rejection of a state court judgment."  *Id.* at 1213.

We've emphasized that a plaintiff's "claim for relief *does* matter," clarifying that "claims that seek only damages for constitutional violations of third parties -- not relief from the judgment

of the state court -- are permitted," while claims that directly seek relief from the state court's judgment are not. *Id.* at 1214. In other words, "[i]f the source of the plaintiff's injury is the state-court judgment itself, then *Rooker-Feldman* applies." *Efron v. Candelario*, 110 F.4th 1229, 1236 (11th Cir. 2024), *cert. denied*, 145 S. Ct. 1958 (2025). This inquiry "remains the question for a federal court regardless of the form in which the plaintiff brings his or her claims." *Id.*

In *Behr*, we reviewed the dismissal of a complaint based on the *Rooker-Feldman* doctrine. 8 F.4th at 1208–09. The *Behr* plaintiffs alleged that their federal due-process claims resulted "'from the use of falsified and/or coerced information as a basis for the proceedings and decisions'" and by the state's restricted access to the courts. *Id.* at 1213. At oral argument, the plaintiffs clarified that they did not raise the violations to reverse a state-court decision that had removed children from their father's custody, but did so to get monetary damages. *Id.* ("[T]hey are not raising these due process claims so that we can 'review and reject' the state court's child custody judgment."). We concluded that asking the federal court to consider whether the state court violated constitutional rights and caused damages – where the plaintiffs were not asking the district court to reject the state court judgment -- fell outside the *Rooker-Feldman* doctrine's boundaries. *Id.*

In *Efron*, we found that the *Rooker-Feldman* doctrine barred a plaintiff's constitutional claims, even though the plaintiff did not explicitly ask to overturn a state judgment. 110 F.4th at 1238. The

state court had reinstated the plaintiff's yearly payments to his former wife, and his wife successfully sought enforcement of this decision. *Id.* at 1232–33. In his § 1983 action, Efron alleged that his former wife and her attorney, through fraud and misrepresentation, had recruited the state judge to issue "a corrupt decision" and conspired to deprive him of a fair legal process. *Id.* at 1236–37. We rejected Efron's claim that he was seeking monetary damages and not the invalidation of the state court judgment, since "there is no distinguishing between" the damages caused by the state judges' alleged constitutional violations and the state court's disposition of his case. *Id.* at 1236–38. In essence, the plaintiff sought to nullify the state court judgment's effect "by mandating the return of the money the [state court] decisions ordered [the plaintiff] to pay and explicitly seeking a finding that the [state court] decisions were 'wrongful,' [and] 'corruptly procured.'" *Id.* at 1237–38. Thus, his constitutional claims "amount[ed] to a request that the district court review and reject the state court judgment." *Id.* at 1238.

In a footnote in *Efron*, we noted that we have never recognized an extrinsic fraud exception to the *Rooker-Feldman* doctrine and declined to do so. *Id.* at 1232 n.2. Further, even though other circuits have recognized an exception to the *Rooker-Feldman* doctrine where the state court judgment is void ab initio due to the state court's lack of jurisdiction, we have never adopted that exception. *Casale v. Tillman*, 558 F.3d 1258, 1261 (11th Cir. 2009).

A court must dismiss an action sua sponte if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ.

P. 12(h)(3).  "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).  When the district court improperly dismisses with prejudice a claim for lack of jurisdiction, we usually vacate and remand for entry of a dismissal without prejudice.  *DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008); *Boudloche v. Conoco Oil Corp.*, 615 F.2d 687, 688–89 (5th Cir. 1980).[2]

Generally, a plaintiff proceeding pro se must receive at least one opportunity to amend the complaint if he might be able to state a claim by doing so before the district court dismisses a complaint with prejudice.  *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291–92 (11th Cir. 2018); *see also Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132–33 (11th Cir. 2019) (noting that in some situations, further leniency -- or "an extra dose of grace" -- may be warranted "in recognition of the difficulty in proceeding *pro se*").  A district court need not allow amendment in the event of undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of the amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  A proposed amendment is futile if the complaint, as amended, would still be subject to dismissal.  *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004).  "Leave to amend would be futile if an

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

amended complaint would still fail at the motion-to-dismiss or summary-judgment stage." *Peterson*, 982 F.3d at 1332. "[T]he question is whether 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" *Id.*

Here, Jones's amended complaint, which is the operative one for our purposes, alleged that Lamar -- as the owner of a billboard sign on Jones's property -- violated Florida law through its actions in prior Florida state court proceedings. Jones claimed that he had filed an eviction action in state court against Lamar after it failed to pay rent and/or late fees for its billboard, but that Lamar violated Jones's due process rights in the state court eviction proceedings by depriving Jones of notice and the opportunity to be heard and fraudulently causing the state court to enter judgment in Lamar's favor. In addition, Jones alleged, Lamar persuaded the state court to grant it attorney's fees by producing false documents, lying, and deceiving the state court and then placed fraudulent liens of at least $17,000 on Jones's land to recover its attorney's fees.

Count One of Jones's amended complaint, filed in the United States District Court for the Middle District of Florida, alleged that Lamar violated Fla. Stat. § 817.535 by filing for fraudulent liens on Jones's property and wrongfully forcing Jones to pay attorney's fee liens out of the property's sale proceeds. In Counts Two through Six, Jones listed four allegedly fraudulent instruments filed by Lamar and respective statutory damages for each violation. In Count Seven, Jones claimed that Lamar committed intentional infliction of emotional distress ("IIED") against him and

caused him physical injuries by intentionally inducing stress through its litigation practices in state court proceedings seeking attorney's fees. In Count Eight, Jones alleged that Lamar's state litigation practices also caused him to lose enjoyment in life, and in Count Nine, Jones alleged that Lamar's actions caused him to lose earning capacity.

After several rounds of filings in district court, the court entered an order granting Lamar's amended motion to dismiss Jones's amended complaint with prejudice and denied him leave to further amend his complaint as futile. The district court found that Count One was barred by the *Rooker-Feldman* doctrine because granting Jones relief on his claim that he was wrongfully required to pay attorney's fees as a result of the state trial court decision would necessarily have required the district court to overturn the state court judgment, thereby removing the district court's jurisdiction under *Rooker-Feldman*. For the remaining Counts Two through Nine, the district court found that Jones failed to allege sufficient facts to state a claim for relief against Lamar because, among other things: (1) Counts Two through Six cited statutes involving criminal penalties, not civil penalties; (2) Count Seven failed to allege facts that demonstrated Lamar committed outrageous conduct, as required to state an IIED claim under Florida law, and because Lamar's actions in defending itself in litigation were privileged under Florida law; and (3) Counts Eight and Nine merely set forth elements of damages, not causes of action in Florida. The district court also detailed Jones's multiple requests to

amend his complaint after filing an amended complaint as of right and dismissed Jones's motion to amend as futile.

On appeal, Jones's primary argument is that the district court erred in dismissing Count One for lack of subject-matter jurisdiction under *Rooker-Feldman*, but we disagree. In Count One, Jones alleged that Lamar had defrauded the state court to persuade it to grant attorney's fees to Lamar. Jones sought monetary damages to recoup the attorney's fees he paid from the sale of his property pursuant to the state court order -- a claim that would have required the district court to decide whether the state court reached the wrong decision based on Lamar's filing of allegedly false instruments. So, for Jones to prevail, the district court effectively would have had to reverse the state court decision, which means that his claim is barred by *Rooker-Feldman*. *Efron*, 110 F.4th at 1236–38.

Jones argues that the *Rooker-Feldman* doctrine does not apply here because he was not listed as a loser in state court, the injuries he suffered were caused by Lamar and not a state court judgment, and his federal action alleging fraud against Lamar was different than his eviction action against Lamar in state court. These arguments miss the mark. Deciding Count One would have required the district court to nullify the state court's judgment granting attorney's fees because that judgment was against Jones's property and permitted Lamar to file liens on his property, which is what Jones expressly seeks to recover for. *Id.* at 1236; *May*, 878 F.3d at 1005; *Exxon Mobil Corp.*, 544 U.S. at 291. Jones also claims that the

district court was allowed to review the state court judgment because it was void for lacking jurisdiction, but we've never recognized this exception to the *Rooker-Feldman* doctrine. *Casale*, 558 F.3d at 1261; *see also Efron*, 110 F.4th at 1232 n.2.

As for the remaining counts in Jones's amended complaint -- Counts Two through Nine – the district court dismissed them for failure to state a claim upon which relief could be granted under Rule 12(b)(6).[3] However, Jones has abandoned on appeal any challenge to the district court's dismissal of Counts Two through Nine because he only made one passing statement in his initial brief that the district court erred in doing so. *Sapuppo*, 739 F.3d at 681. Therefore, we affirm the district court's dismissal of those claims with prejudice. *Timson*, 518 F.3d at 874. In any event, to the extent Jones argues that the district court abused its discretion by not granting him leave to further amend his complaint, any amendment would have been futile. *Silberman*, 927 F.3d at 1132–33; *Peterson*, 982 F.3d at 1332. As the record reflects, Jones's further amended complaint would still have been subject to dismissal because he could not plead plausible allegations on these claims without running afoul of the *Rooker-Feldman* doctrine, plausibly offer sufficient, viable support for his IIED claim, or plausibly plead

---

[3] In dismissing the complaint, the district court took judicial notice of the state court proceedings without converting the motion to dismiss into a motion for summary judgment, which is permissible under our case law. *See Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013) ("Although this matter is before the court on a motion to dismiss, we may take judicial notice of the court documents from the state eviction action.").

cause of actions not recognized under Florida law.  *Hall*, 367 F.3d at 1263; *Peterson*, 982 F.3d at 1332.

In short, we agree with the district court that it lacked jurisdiction over Count One based on the *Rooker-Feldman* doctrine. However, the district court did not expressly state that its dismissal of Count One for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine was without prejudice, as it should have done since it was imposing a jurisdictional dismissal that did not reach the merits.  *Stalley*, 524 F.3d at 1232.  Accordingly, we vacate the district court's dismissal as to Count One and remand with instructions that the district court should dismiss Count One without prejudice for lack of jurisdiction.  *DiMaio*, 520 F.3d at 1303.

**AFFIRMED IN PART, VACATED AND REMANDED WITH INSTRUCTIONS IN PART.**